JDL:TJS
F. #2011R00736/OCDETF #NY-NYE-673

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA                    PLEA AGREEMENT

   - against -                               11 CR 793 (S-1)(WFK)

STANLEY MOSKOWITZ,

            Defendant.

- - - - - - - - - - - - - - - X

        Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and STANLEY MOSKOWITZ (the "defendant") agree to the following:

        1.    The defendant will plead guilty to Count Two of the above-captioned indictment charging a violation of 18 U.S.C. § 1956(h).  The count carries the following statutory penalties:

            a.    Maximum term of imprisonment: ten years (18 U.S.C. §§ 1956(h) and 1957(b)(1)).

            b.    Minimum term of imprisonment: zero years (18 U.S.C. §§ 1956(h) and 1957(b)(1)).

            c.    Minimum supervised release term: zero years, maximum supervised release term: three years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to two years without credit for pre-release imprisonment or time previously served on post-release supervision (18 U.S.C. § 3583).

            d.    Maximum fine: $250,000 or twice the amount of criminally derived property

involved
(18 U.S.C. §§ 1957(b)(2) and 3571).

e.   Restitution: Not applicable.

f.   $100 special assessment.
(18 U.S.C. § 3013).

g.   Other penalties: Criminal forfeiture as set
forth in paragraphs 5-6.

2.   The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence.   The Office estimates the likely adjusted offense level under the Guidelines to be level 16, which is predicated on the following Guidelines calculation:

Base Offense Level:                                          <u>16</u>
(U.S.S.G. 2S1.1(a)(2) and 2B1.1(b)(1)(E))

Adjusted Offense Level                                       16

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to

3

U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 14 and a range of imprisonment of 15 - 21 months, assuming that the defendant falls within Criminal History Category I.  Furthermore, if the defendant has accepted responsibility as described above, to the satisfaction of the Office, and if the defendant pleads guilty on or before May 31, 2013, an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 13.  This level carries a range of imprisonment of 12 - 18 months, assuming that the defendant falls within Criminal History Category I. The defendant agrees that his United States Sentencing Guidelines should be calculated based on more than $70,000 of laundered funds and waives any right to a jury trial or <u>Fatico</u> hearing regarding this issue.

       3.    The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

       4.    The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that

4

the Court imposes a term of imprisonment of 21 months or below. This waiver is binding without regard to the sentencing analysis used by the Court.  The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn.  The defendant waives any right to additional disclosure from the government in connection with the guilty plea.  The defendant agrees that with respect to all charges referred to in paragraphs 1 and 7(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

     5.   The defendant acknowledges that he owned property that was subject to forfeiture as a result of his violation of 18 U.S.C. § 1956(h), as alleged in the information.  On February 10, 2012, and February 22, 2012, the United States Drug Enforcement Administration administratively forfeited the defendant's interest in the following two assets pursuant to 21 U.S.C. § 853 as property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense and any property used, or intended to be used, in any manner or part, to commit, or to

facilitate the commission of, the offense. The property that was forfeited includes, but is not limited to, the following: All funds formerly on deposit in Northfield Bank, Account number 30154751, held in the Name of Phyllis Moskowitz and/or Stanley Moskowitz, and all proceeds traceable thereto, and three thousand one hundred and sixteen dollars and zero cents ($3,116.00) in United States currency, more or less, seized by the Drug Enforcement Administration on or about October 26, 2011 from a closet in the master bedroom of 20 Topside Avenue, Staten Island, New York (the "Forfeited Money").   The defendant states that there are no additional monies or properties owned by him or in which he may have an interest in that are subject to forfeiture as a result of his violations of 18 U.S.C. § 1956(h), as alleged in the indictment.

6. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets and agrees that said assets shall be forfeited to the United States as property constituting or derived from proceeds obtained directly or indirectly as a result of his violations of 18 U.S.C. § 1956(h), pursuant to 21 U.S.C. § 853 and/or are substitute assets pursuant to 21 U.S.C. § 853(p)).  The defendant agrees to execute any documents necessary to effectuate the forfeiture of said assets.

In addition, the defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of said assets, and waives all constitutional, legal, and equitable defense to the forfeiture of said assets, including but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the constitution, the Eighth Amendment of the Constitution (including a claim of excessive fines), the statute of limitations, or venue. The defendant agrees that the forfeiture of said assets is not to be considered a payment of a fine or a payment on any income taxes that may be due.

    7.    The Office agrees that:

        a.    no further criminal charges will be brought against the defendant for his commission of unlawful monetary transactions in proceeds derived from the sale of oxycodone and conspiracy to do the same all for the time period January 1, 2009 to October 31, 2011, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq.;

and, based upon information now known to the Office, it will

        b.    take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

        c.    make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the

Office will not be bound by paragraphs 7 (b) and 7 (c).  Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to (a) moving for the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above, and (b) the provisions of paragraph 7 (a)-(c).

       8.   This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

       9.   Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties.  Apart from any written proffer agreements, if applicable, this agreement supersedes all prior promises,

8

agreements or conditions between the parties.  To become effective,

this agreement must be signed by all signatories listed below.

Dated:      Brooklyn, New York
            May 31   , 2013

                                    LORETTA E. LYNCH
                                    United States Attorney
                                    Eastern District of New York

                          By:     _____
                                    Tyler J. Smith
                                    Assistant United States Attorney


                          Approved by:

                                 _____
                                    Justin D. Lerer
                                    Supervising Assistant U.S. Attorney


I have read the entire agreement and discussed it with my attorney. I
understand all of its terms and am entering into it knowingly and
voluntarily.


_____
STANLEY MOSKOWITZ

Approved by:

_____
Andrew Frisch, Esq.
Counsel to Defendant